This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38331**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**REANNA SOLOMON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
John Charles Bennett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Defendant has appealed her conviction for DWI. We previously issued a notice of proposed summary disposition in which we proposed to uphold the conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** Because the pertinent background information and applicable principles have previously been set forth, we will avoid unnecessary repetition here, and instead focus on the content of the memorandum in opposition.

**{3}** Defendant continues to challenge the sufficiency of the evidence to support her conviction. [MIO 2-6] However, the State presented evidence that Defendant displayed numerous indicia of intoxication, including bloodshot watery eyes, slurred speech, and strong odor of alcohol, as well as poor performance on at least one field sobriety test. [MIO 2-3] Defendant also admitted that she had consumed alcohol prior to driving, and the first officer on the scene observed one or more empty bottles of alcohol in Defendant's purse. [MIO 2] This supplies ample support for the conviction. *See, e.g.*, *State v. Soto*, 2007-NMCA-077, ¶¶ 32, 34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence of driving under the influence, pursuant to the impaired-to-the-slightest-degree standard when the defendant had bloodshot watery eyes, slurred speech, and a very strong odor of alcohol, the defendant admitted drinking, the officers observed several empty cans of beer where the defendant had been, and the officers testified that the defendant was intoxicated), *abrogated on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110.

**{4}** In her memorandum in opposition Defendant focuses on the limited probative value of some of the evidence, particularly relative to her appearance and behavior, as well as countervailing inferences which might have been drawn. [MIO 2-4] "However, as a reviewing court, we do not reweigh the evidence or attempt to draw alternative inferences from the evidence." *State v. Estrada*, 2001-NMCA-034, ¶ 41, 130 N.M. 358, 24 P.3d 793; *see State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393 (observing that "the evidence is not to be reviewed with a divide-and-conquer mentality [and w]e do not reweigh the evidence or substitute our judgment for that of the jury" (citation omitted)).

**{5}** Finally, Defendant contends that in light of the State's failure to prove that she caused the collision, the evidence should be deemed insufficient to establish that she was impaired to the slightest degree. [MIO 2-3, 4-5] However, proof that Defendant was at fault was not requisite to the conviction for DWI. *See State v. Vargas*, 2017-NMCA-023, ¶¶ 8-12, 389 P.3d 1080 (rejecting an argument that the state's failure to prove impaired driving rendered the evidence insufficient to support a conviction for DWI). The State was merely required to establish that Defendant "operated a motor vehicle" and that at the time she was "under the influence of intoxicating liquor, that is, as a result of drinking liquor the defendant was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public." UJI 14-4501 NMRA. As previously mentioned, the circumstantial evidence was sufficient to prove this. *See, e.g.*, *Soto*, 2007-NMCA-077, ¶¶ 32, 34 (upholding the sufficiency of the evidence to support a conviction for driving while impaired to the slightest degree based on similar evidence, despite the fact that the officer did not observe impaired driving).

**{6}** Accordingly, for the reasons stated, we affirm.

**{7}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**ZACHARY H. IVES, Judge**